UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRISTIAN SMITH,<br><br>　　　　　　　　　　Plaintiff,<br>　　v.<br>IRS,<br>　　　　　　　　　　Defendant. | Case No. 2:14-cv-01444-GMN-PAL<br><br>REPORT OF FINDINGS AND RECOMMENDATION<br><br>(IFP App – Dkt. ##16, 17) |

This matter is before the court on Plaintiff Tristian Smith's Applications to Proceed In Forma Pauperis (Dkt. ##16, 17). Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rules IB 1-3 and 1-4.

Previously, Plaintiff submitted an incomplete Application to Proceed in Forma Pauperis (Dkt. #1). In an Order (Dkt. #11), the court denied the Application without prejudice and directed Plaintiff to file a fully-completed one. Plaintiff has submitted another form application as well as a supplemental statement; however, Plaintiff has not responded to Questions 4, 5, 6, 7, 8 on the new Application. In addition, Smith has attached a narrative to her Application, concerning Plaintiff's great uncle who refused to give Plaintiff an inheritance and had Plaintiff arrested for trespass. Plaintiff asserts a boyfriend and others are "[trafficking and abusing]" her, "syndicated persons keep robbing [her] of everything," and people have tried to "knock out [her] teeth." IFP Application (Dkt. #16) at 2. Plaintiff asserts the "syndicated hub is at 5th Avenue Pub, where they send persons out . . . to peddle drugs, steal I.D.s, harm persons in the public." *Id.* at 3. Based upon Plaintiff's failure to respond to Questions 4-8, the court cannot determine whether Plaintiff qualifies to proceed in forma pauperis.

In addition, even if Plaintiff did qualify to proceed in forma pauperis, the complaint would not survive the court's initial screening required by 28 U.S.C. § 1915. It does not state a claim upon which relief can be granted because like the Application, it contains similar delusional allegations. Plaintiff's complaint consists of a single, largely incoherent, sentence that begins, "[Trafficking] tax student for monies of 6425 for thousand[s] of students [trafficking] school for over 10,000 Liberty tax school sui-ing for School Warm Springs tax service offered by I.R.S. for certification for work student credits plus my tax return for 2014 tax credits for student one time assistance from IRS total 50,000 vagrancy depletion due for not receiving check in timely mannor . . . ." Complaint at 1 (as in original). Plaintiff contends this is a "vagrancy complaint and injuries complaint" resulting from a police officer who took Plaintiff's car, causing Plaintiff to be homeless. *Id.* at 2. Plaintiff also that in attempting to get her tax refund back, criminals assaulted her, and "teeth knocked out of my mouth bleeding and sex [trafficking] incidents trying to traffic in general." *Id.* 28 U.S.C. § 1915(d) authorizes the court to dismiss "claims whose factual contentions are clearly baseless," such as "claims describing fantastic or delusional scenarios." *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Here, even if Plaintiff qualified to proceed in forma pauperis, the court would recommend dismissal of the complaint because it does not state a claim upon which relief can be granted.

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's Applications to Proceed in Forma Pauperis (Dkt. ##16, 17) be DENIED, and the Clerk be directed to close this case.

Dated this 11th day of February, 2015.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE</u>**

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court. Pursuant to Local Rule of Practice (LR) IB 3-2(a), any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within fourteen days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.